**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Mary Jane Beauregard and John Hugh Smith,

Plaintiffs,

v.

Clayton Sampson, et al.,

Defendants.

Case No. 2:20-cv-02123-KJD-DJA

**Order**

This is a fraud action arising out of Plaintiffs alleged $100,000 investment into Defendant EnvyTV, LLC.  (ECF No. 36 at 2).  Plaintiffs sued Defendants, claiming that after investing the money, Defendants Clayton Sampson and Elisha Sampson refused to recognize Plaintiffs' ownership interest in EnvyTV.  (*Id.*).  Plaintiffs move to compel discovery responses from the Sampsons and EnvyTV, arguing that their responses were late, insufficient, and false.  (*See id.*).  Because the Court finds that Defendants have failed to respond to certain portions of Plaintiffs' discovery requests and motion, it grants the motion in part.  The Court finds these matters properly resolved without a hearing.  LR 78-1.

**I.    Background.**

EnvyTV is a multi-level marketing company selling video streaming services.  (ECF No. 36 at 2).  Plaintiffs assert that the Sampsons refused to recognize their ownership interest in EnvyTV, improperly terminated Plaintiffs' positions in the company, and diverted EnvyTV affiliates and business opportunities to other businesses they owned to deprive Plaintiffs of profits.  (*Id.* at 2-3).  Plaintiffs assert that one of these businesses is "EnvySolutions."  (*Id.*).

During discovery, Defendants timely responded to Plaintiffs' interrogatories and requests for admissions.  (*Id.* at 3-4).  Their responses to Plaintiffs' two sets of requests for production,

however, were both about a month late.  (*Id.* at 3-4).  Defendants concede that their responses were late.  (ECF No. 38 at 3).

**II.    Standard.**

If a party resists discovery, the requesting party may file a motion to compel.  *See* Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iii)-(iv) ("A party seeking discovery may move for an order compelling an answer, [or] production ... if ... (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents ... as requested under Rule 34.").  The motion must include a threshold showing that the requested information falls within the scope of discovery under Rule 26.  *See Sanhueza v. Lincoln Technical Institute, Inc*., No. 2:13-cv-2251-JAD-VCF, 2014 WL 6485797, at *2 (D. Nev. Nov. 18, 2014) (citing *Hofer v. Mack Trucks, Inc*., 981 F.2d 377, 380 (8th Cir. 1992)).  To be discoverable under Federal Rule of Civil Procedure 26(b)(1), information must be: (1) relevant to any party's claim or defense; and (2) proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The party opposing discovery has the burden of showing that the discovery is, among other things, irrelevant, overly broad, or unduly burdensome.  *See Fosbre v. Las Vegas Sands Corp*., No. 2:10-cv-00765-APG-GWF, 2016 WL 54202, at *4 (D. Nev. Jan. 5, 2016) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-54 (S.D. Ind. 2000)).  To meet this burden, the objecting party must specifically detail the reasons why each request is objectionable.  *See Fosbre*, 2016 WL 54202, at *4.

Federal Rule of Civil Procedure 26(b)(2)(C) further limits discovery and allows the Court to restrict discovery where it is "outside the scope of Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C)(3).  In deciding whether to restrict discovery under Federal Rule of Civil Procedure 26(b)(2)(C), the Court "should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court."  *Caballero v. Bodega Latina Corp.*, No. 2:17-cv-00236-JAD-VCF, 2017 WL 3174931, at *3 (D. Nev. July 25, 2017) (internal citations and quotations omitted).  Fed. R. Civ. P. 26 gives the Court broad discretion to "tailor discovery narrowly and to dictate the sequence of discovery."  *See id.* (internal citations and quotations omitted).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.   Discussion.

### A.   *The Court will not decide the motion on the meet and confer alone.*

Defendants assert that Plaintiffs' motion is improper because Plaintiffs did not attempt to meet and confer in advance.  (ECF No. 38 at 2).  Plaintiffs vehemently disagree and point to the declaration of Brent Krugler regarding their attempts to meet and confer.  (ECF No. 40 at 9). That declaration demonstrates that the parties last met and conferred on August 18, 2021 regarding the first set of requests for production, interrogatories and requests for admissions. (ECF No. 36-2 at 3-4).  While Plaintiffs should have attempted to meet and confer before bringing their motion on October 7, 2021—nearly two months after the parties had last met and conferred—Defendants have not supported their claim that the motion was a complete surprise. In the interest of moving this case forward, the Court will rule on the motion to compel, but reminds the parties of their duty to meet and confer in good faith—on all issues—before bringing discovery motions.  LR 26-6(c).

### B.   *Defendants have waived certain of their objections to Plaintiffs' first set of RFPs.*

**Request for Production No. 9:**[1]
Federal and state income taxes returns filed by Clayton or Elisha Sampson for the years 2018, 2019 and 2020.
**Response:**
Objection, California residents are protected under Cal. Const. Art. 1 right to privacy to protection from disclosure of their tax returns. The individual tax returns will not be produced.  Without waiving the objection, Responding party identifies DEF-00228 to DEF-00231.  Returns for 2020 do not currently exist.

**Request for Production No. 66 – Directed to EnvyTV:**
For each credit and/or debit card used to pay expenses related to EnvyTV or EnvySolutions, produce copies of all account statements, documents evidencing the date the account was opened, and if applicable, closed, and all other documents that evidence transfers to or from the account(s).

---

[1] RFP No. 9 directed to Clayton Sampson and RFP No. 9 directed to Elisha Sampson are identical, as are the responses.

1
2
3

**Response:**
Objection, unduly burdensome, irrelevant, immaterial, not reasonably calculated to lead to admissible evidence and presented merely to harass and increase the costs of litigation.

4
5
6
7
8
9

**Request for Production No. 67 – Directed to EnvyTV:**
Documents that identify the name, address, and account number all [sic] financial institution accounts owned, controlled, or utilized by EnvyTV or EnvySolutions.
**Response:**
Objection, privacy, immaterial, irrelevant, or reasonably [sic] calculated to lead to admissible evidence and presented merely to harass and increase the costs of litigation.

10   Plaintiffs argue that Defendants waived their objections to RFP No. 9 directed to Clayton

11   Sampson, RFP No. 9 directed to Elisha Sampson, and RFP Nos. 66 and 67 directed to EnvyTV.

12   (ECF No. 36 at 6).  In response, Defendants concede that their responses were late.  (ECF No. 38

13   at 3).  They ask, however, that the Court set aside the waiver because "disclosure of personal and

14   private individual financial documents is unnecessary at this point because Defendants have

15   disclosed K-1s and profit and loss statements reflecting all business income and expenses." (*Id.*).

16   The Court grants Plaintiffs request to compel responses to these requests for production

17   and to find that Defendants have waived their objections.  The general rule is that the failure to

18   object to discovery requests within the time required constitutes a waiver of any objection.  *See*

19   *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).  Here,

20   Defendants have conceded that their responses were late.  In asking the Court to set aside this

21   waiver, however, Defendants do not support their objections with any case law or explain why the

22   K-1s they reference are responsive to Plaintiffs' requests asking for individual tax returns and

23   corporate account information.  Defendants' objections to RFP No. 9 directed to Clayton

24   Sampson, RFP No. 9 directed to Elisha Sampson, and RFP Nos. 66 and 67 directed to EnvyTV

25   are thus waived.  Defendants must supplement their responses to these requests.

26
27
28

### C. *The Court grants Plaintiffs' motion to compel responses to RFPs related to the $100K investment in part.*

**Request for Production No. 10:**[2]

All documents that evidence, reflect or identify monies invested by Clayton or Elisha Sampson in EnvyTV and/or EnvySolutions.

**Response:**

The Responding party will comply with the request, and identifies and produces additional documents DEF-00230 to DEF-00231.

**Request for Production No. 14:**

All documents, including but not limited to bank account statements, that evidence or reflect the deposit of Plaintiffs' $100,000 investment.

**Response:**

The Responding party cannot comply with the request because the requested documents are not in its custody, control, or possession. Responding party closed the original account that the money was wired to.

**Request for Production No. 15:**

All documents, including but not limited to bank account statements, that evidence or reflect any transfers of Plaintiffs' $100,000 investment.

**Response:**

The Responding party cannot comply with this request because the requested documents are not in its custody, control, or possession. The account that the money came into originally was closed.

**Request for Production No. 16:**

All documents, including but not limited to bank account statements, that evidence or reflect the manner in which Plaintiffs' $100,000 investment was spent or otherwise utilized.

**Response:**

The Responding party cannot comply with this request because the requested documents do not exist.

---

[2] RFP Nos. 14, 15, and 16 directed to Clayton Sampson and RFP Nos. 14, 15, and 16 directed to Elisha Sampson are identical, as are the responses.

1    Plaintiffs assert that Defendants' response to RFP No. 10—providing only a single K-1

2    from 2019—is insufficient.  (ECF No. 36 at 7).  "No K-1s for 2020 have been produced and no

3    documents have been produced showing how much money the Sampsons invested in

4    EnvySolutions…"  (*Id.*).  Plaintiffs also question whether Defendants do not have custody or

5    control of the documents sought by RFP Nos. 14 and 15 and whether no responsive documents

6    exist for RFP No. 16.  (*Id.*).

7    In response, Defendants do not address the K-1s for 2020 (although they address it in

8    responding to Plaintiffs' waiver argument).  (ECF No. 38 at 3-4).  They argue that that they could

9    not respond to RFP Nos. 14, 15, and 16 because they do not agree that Plaintiffs' $100,000 was

10   an "investment."  (*Id.*).  Nonetheless, even if they did agree that Plaintiffs "invested" $100,000,

11   the bank account into which Defendants deposited the money no longer exists, and thus,

12   Defendants have no statements responsive to RFP Nos. 14, 15, and 16.  (*Id.*).  Plaintiffs argue in

13   reply that Defendants' refusal to identify the financial institution which held the funds, or request

14   the records from that institution, was improper.  (ECF No. 40 at 5).

15   The Court grants Plaintiffs' motion to compel responses to RFP Nos. 10, 14, 15, and 16 in

16   part.  Because Defendants have produced K-1s for 2020, the Court will not compel a further

17   response to RFP No. 10.  However, the Court does not agree with Defendants' argument that,

18   because they did not believe that the $100,000 was an investment, they did not need to respond to

19   RFPs calling it such.  Defendants could easily have qualified their position that the $100,000 was

20   not an investment in their responses.

21   On the other hand, Defendants' responses that they do not have the documents because the

22   account no longer exists appear legitimate.  But while Plaintiffs did not ask Defendants to identify

23   the bank in which they placed the funds, Defendants should have at least attempted to get the

24   documents from the bank.  Because Defendants have not asserted that these requests are

25   objectionable and because Defendants can attempt to get these documents from the bank, the

26   Court will grant Plaintiffs' motion to compel a response to RFP Nos. 14, 15, and 16.  In their

27   supplemental responses, Defendants must include the name of the bank into which they deposited

28   Plaintiffs' $100,000.

1

2

       **D.**     ***The Court denies Plaintiffs' motion to compel responses to RFPs related to the termination of their affiliate positions.***

3

4

5

6

7

8

9

10

11

12

13

      Plaintiffs assert that Defendants have failed to adequately respond to RFP Nos. 24-29, 30-34, 37-39, and 53-55, which address Defendants' alleged termination of Plaintiffs' affiliate positions.  (ECF No. 36 at 8-9).  In response, Defendants explain that they could not provide these documents because they do not have access to them.  (ECF No. 38 at 4-5).  Instead, Multisoft, Defendants' system provider, does.  (*Id.*).  Defendants add that Plaintiffs' deposition of Multisoft—which took place on December 3, 2021—would answer the questions to which Plaintiffs' requests for production were directed.  (*Id.*).  In reply, Plaintiffs do not address these requests for production further.  Because Plaintiffs do not address Defendants' argument, the Court presumes that Defendants' explanation about Multisoft was sufficient for Plaintiffs.  The Court thus denies Plaintiffs' motion to compel responses to RFP Nos. 24-29. 30-34, 37-39, and 53-55.

14

15

       **E.**     ***The Court denies Plaintiffs' motion to compel responses to RFPs related to EnvySolutions.***

16

17

18

19

20

21

22

      Plaintiffs move to compel Defendants to supplement their responses to RFP Nos. 4, 6, 7, 10, and 11 directed to the Sampsons and RFP Nos. 4, 6, 13-15, 17, 61, and 75-76 directed to EnvyTV, asserting that Defendants' responses that the documents do not exist or that they do not have custody or control over them is false.  (ECF No. 36 at 9-11).  These RFPs seek information related to EnvySolutions, an entity they assert is an identical business to EnvyTV.  (*Id.*).  They cite to the EnvySolutions website, describing it as an "Affiliate Marketing Company" and an income disclosure statement as proof that the documents they seek should exist.  (*Id.*).

23

24

25

26

27

      In response, Defendants assert that EnvySolutions is not an organization, but a "term that Defendants use to describe their business activities…"  (ECF No. 38 at 5-6).  They argue that they have explained that EnvySolutions is not an organization to Plaintiffs and that the website on which Plaintiffs rely was a former EnvyTV website repurposed to use the name "EnvySolutions." (*Id.*).  Defendants assert, "[t]here are no operations, there is no ownership, there are no

28

documents.  EnvySolutions, at best, is an unregistered trademark, nothing more." (*Id.*).  In reply, Plaintiffs reassert their disbelief and ask the Court to compel responses.  (ECF No. 40 at 6).

A party cannot be compelled to produce documents it insists do not exist.  *See Acosta v. Wellfleet Communications, LLC*, No. 2:16-cv-02353-GMN-GWF, 2018 WL 664779, at *7 (D. Nev. Feb. 1, 2018).  If a party determines upon reasonable inquiry that responsive documents do not exist, "it should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Id.* (internal citations and quotations omitted).  Here, the Court cannot compel Defendants to further respond to these requests because Defendants have asserted that the documents do not exist.  Defendants have further explained that EnvySolutions is nothing more than a name.  The Court is not able to decide whether these documents exist at this stage, and thus denies Plaintiffs' motion to compel supplemental responses to RFP Nos. 4, 6, 7, 10, and 11 directed to the Sampsons and RFP Nos. 4, 6, 13-15, 17, 61, and 75-76 directed to EnvyTV.

### F.   The Court grants in part Plaintiffs' motion to compel more complete responses to interrogatories.

Plaintiffs seek to compel Defendants to respond to Interrogatory Nos.5, 7-9, and 11 directed to Clayton Sampson and Interrogatory No. 1 directed to Elisha Sampson requesting information about EnvySolutions.  (ECF No. 36 at 13-15).  They also seek to compel a response to Interrogatory No. 10 directed to Clayton Sampson, which states:

> **Interrogatory No. 10:**
> State, by year, EnvyTV's total revenue, income, and profit.
> **Response:**
> 2019 Gross sales $1,466,274, net profits of $120,000.  2020 has not
> been processed yet.

Defendants do not respond directly to this portion of the motion, although, as addressed more fully above, they assert that they cannot provide further information about EnvySolutions because it is only a name.  (ECF No. 38 at 5-6).  In reply, Plaintiffs maintain that the Court should compel responses to the interrogatories requesting information about EnvySolutions.  (ECF No. 40 at 6-7).

Here, the Court grants Plaintiffs' motion to compel a supplemental interrogatory response to Interrogatory No. 10 directed to Clayton Sampson only.  As discussed more fully above, Defendants have asserted that they do not have responsive information to questions about EnvySolutions and the Court will not compel a response at this stage.  However, it will compel Defendants to supplement their response to Interrogatory No. 10 with data for 2020 when the data has been processed.

## G.   The Court denies Plaintiffs' motion to compel different responses to requests for admissions.

Plaintiff moves to compel Defendants to provide different answers to Request for Admission (RFA) Nos. 3, 1-19, 22-38, and 39-40 directed to Clayton Sampson and asking him to admit information about EnvySolutions.  (ECF No. 36).  Clayton Sampson denied these RFAs and, although Defendants do not address these request for admissions directly in their response, Defendants have asserted that EnvySolutions does not exist as an entity.  (ECF No. 38 at 5-6).  Again, at this stage, the Court is not able to conclude that these responses are deficient or untruthful.  The Court thus denies Plaintiffs' motion to compel different responses to RFA Nos. 3, 1-19, 22-38, and 39-40 directed to Clayton Sampson.

## H.   Defendants have waived certain of their objections to Plaintiffs' second set of RFPs.

Plaintiffs assert that, because Defendants were late in responding to Plaintiffs' second set of requests for production, that they waived their objections to RFP Nos. 53-55 directed to Elisha Sampson and RFP Nos. 78-79 and 81 directed to EnvyTV.  (ECF No. 36 at 17-18).  Defendants did not respond to this argument.  The Court notes that Elisha Sampson objected to RFP Nos. 53-55, asserting they were argumentative, but otherwise provided an explanatory response that there are no responsive documents.  (ECF No. 36-23 at 8).  Similarly, EnvyTV objected to RFP Nos. 78-79 and 81 for containing an ambiguous term, but otherwise provided clarification.  (ECF No. 36-24 at 3-4).  But Defendants did not respond to this portion of Plaintiffs' motion, constituting a consent to granting it.  LR 7-2(d).  Again, the general rule is that the failure to object to discovery requests within the time required constitutes a waiver of any objection.  *See Richmark Corp.*, 959

F.2d at 1473.  The Court thus grants Plaintiffs' motion to compel and finds that Elisha Sampson and EnvyTV's objections are waived as to RFP Nos. 53-55 directed to Elisha Sampson and RFP Nos. 78-79 and 81 directed to EnvyTV.  Elisha Sampson and EnvyTV must supplement their responses to these RFPs to the extent possible.

**I.    The Court grants Plaintiffs' motion to compel responses to their second set of RFPs regarding EnvyCares and regarding the diversion of EnvyTV affiliate commissions.**

Plaintiffs move to compel supplemental responses to RFP Nos. 24-25 and 36 directed to Clayton Sampson and RFP Nos. 41, 42, and 46 directed to Elisha and Clayton Sampson regarding EnvyCares.  (ECF No. 36 at 18-19).  Plaintiffs also move to compel supplemental responses to RFP Nos. 38-39 directed to Elisha and Clayton Sampson and RFP Nos. 83-85 and 88-89 directed to EnvyTV.  (*Id.* at 20-21).  Defendants do not respond to these portions of Plaintiffs' motion.

Because Defendants have not responded to these portions of the motion, the Court grants Plaintiffs' motion to compel supplemental responses to RFP Nos. 24-25 and 36 directed to Clayton Sampson; RFP Nos. 41, 42, and 46 directed to Elisha and Clayton Sampson; RFP Nos. 38-39 directed to Elisha and Clayton Sampson; and RFP Nos. 83-85 and 88-89 directed to EnvyTV.  While certain of Defendants responses to these RFPs are that the documents do not exist, they have failed to explain why in their response to Plaintiffs' motion.  Regarding RFP Nos. 38 and 39 directed to the Sampsons and RFP Nos. 83-85 and 88-89 directed to EnvyTV, the Court grants Plaintiffs' request that Defendants be compelled to provide documents "that show the amount and date of all EnvyTV commissions paid to [the Sampsons] since January 1, 2019."

**J.    The Court grants Plaintiffs' motion for sanctions.**

 "When a court grants a motion to compel, the victor is entitled to expenses—including attorneys' fees—unless the loser was substantially justified, or the imposition of sanctions would be unjust."  *Kiessling v. Det. Rader P#6099*, No. 2:16-cv-0690-GMN-NJK, 2018 WL 1401972, at *4 (D. Nev. Mar. 20, 2018) (citing Fed. R. Civ. P. 37(a)(5)(A)).  Discovery conduct is substantially justified "if reasonable people could differ on the matter in dispute."  *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006).  The losing party has the burden of

1    establishing substantial justification or unjust circumstances.  *E.g.*, *Wood v. GEICO Casualty Co.*,

2    No. 2:16-cv-00806-GMN-NJK, 2016 WL 6069928, at \*1 (D. Nev. Oct. 14, 2016).  The district

3    court has great latitude in imposing discovery sanctions.  *Lew v. Kona Hosp.*, 754 F.2d 1420,

4    1425 (9th Cir. 1985).

5           Here, Plaintiffs are entitled to an award of attorneys' fees.  Defendants dispute that an

6    award of fees is appropriate because they "have fairly and truthfully answered the questions of

7    Plaintiffs."  (ECF No. 38 at 6).  The Court agrees that Defendants were justified in their answers

8    that certain documents and responses did not exist because EnvySolutions is not a separate entity.

9    But Defendants concede that they should have provided explanations about EnvySolutions sooner

10   and did not even address their responses to Plaintiffs' second set of requests for production.  (*Id.*).

11   Defendants have failed to carry their burden of showing substantial justification of unjust

12   circumstances.  The Court thus awards Plaintiffs their expenses in filing the motion to compel.

13

14          **IT IS THEREFORE ORDERED** that Plaintiffs' motion to compel (ECF No. 36) is

15   **granted in part** as outlined in this Order.

16          **IT IS FURTHER ORDERED** that Plaintiffs are awarded their expenses in filing the

17   motion to compel.  The Court strongly encourages the parties to reach an agreement themselves

18   as to the amount of those expenses.  If they are unable to do so, Plaintiffs shall file a "Motion to

19   Calculate Attorneys' Fees" attaching appropriate paperwork for the Court to determine an

20   appropriate amount of expenses to be awarded.

21

22          DATED: December 13, 2021

23                                                           _____

24                                                           DANIEL J. ALBREGTS
                                                             UNITED STATES MAGISTRATE JUDGE
25

26

27

28