# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mary Jane Beauregard and John Hugh Smith, | Case No. 2:20-cv-02123-KJD-DJA |
| Plaintiffs, | **Order** |
| v. | |
| Clayton Sampson, et al., | |
| Defendants. | |

After their counsel moved to withdraw, the Court informed Defendants Clayton Sampson and Elisha Sampson that they could either retain new counsel or proceed *pro se*. (ECF No. 48). However, it explained that Defendants EnvyTV, LLC and Envy Solutions, LLC could not proceed *pro se* because they are corporations and must appear in court through an attorney. (*Id.*). The Court gave EnvyTV, LLC and Envy Solutions, LLC until March 31, 2022 to inform the Court whether they would retain new counsel. (ECF No. 51).

One day after the deadline, on April 1, 2022, Defendants Clayton Sampson; Elisha Sampson; EnvyTV, LLC; and Envy Solutions, LLC filed a request to extend the time for them to find counsel. (ECF No. 53). Defendants explain that "due to declining resources we had to request proceeding as *pro se* and were not informed or made aware of the fact we could not do so." (ECF No. 53). It is unclear whether Defendants are referring to all the Defendants or only the corporate defendants: EnvyTV, LLC and Envy Solutions, LLC.

Under Local Rule IA 6-1(a), "[a] request [to extend] made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." Additionally, while the Court cannot compel individuals to retain an attorney, corporate defendants must appear in court through an attorney. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *see*

*United States v. High Country Broad.*, 3 F.3d 1244, 1245 (9th Cir. 1993). However, the court liberally construes *pro se* filings. *See Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

The Court grants Defendants' motion to extend. Defendants do not cite their misunderstanding of the rules regarding representation in court as excusable neglect. Liberally construing their motion, however, it appears that the same confusion likely caused the delay. Additionally, Defendants were only one day late in filing their motion. However, Defendants Clayton Sampson and Elisha Sampson are not obligated to appear in court through an attorney, as their motion suggests they believe. Only EnvyTV, LLC and Envy Solutions, LLC—the corporate defendants—are required to retain counsel. Clayton Sampson and Elisha Sampson may retain counsel if they so choose but are not required to. Currently, the Court considers Clayton Sampson and Elisha Sampson to be proceeding *pro se* because they previously indicated that they would be doing so. (ECF No. 50). The Court thus grants EnvyTV, LLC and Envy Solutions, LLC additional time to retain counsel.

The Court will continue to consider Clayton Sampson and Elisha Sampson as proceeding *pro se* unless they notify the Court they have retained counsel. Clayton Sampson and Elisha Sampson are reminded that *pro se* litigants must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). This includes keeping up with case-related deadlines. This order does not affect any other deadlines or stay any other deadlines.

**IT IS THEREFORE ORDERED** that Defendants' motion for an extension of time to retain counsel is **granted**. (ECF No. 53). EnvyTV, LLC and Envy Solutions, LLC shall have until **Wednesday, May 4, 2022** to notify the Court whether they have retained counsel. Failure to do so may result in a recommendation for dispositive sanctions.

DATED: April 4, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE