UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mary Jane Beauregard and John Hugh Smith, | Case No. 2:20-cv-02123-KJD-DJA |
| Plaintiffs, | **Order** |
| v. | |
| Clayton Sampson, et al., | |
| Defendants. | |

    This is a fraud action arising out of Plaintiffs' $100,000 investment into EnvyTV, LLC—a multi-level marketing company.  Plaintiffs Mary Jane Beauregard and John Hugh Smith sue Defendants Clayton Sampson; Elisha Sampson; EnvySolutions, LLC; and EnvyTV claiming that the Sampsons—as majority owners and co-managers of EnvyTV—failed to acknowledge Plaintiffs' ownership interests in the company after they invested.  Instead, Plaintiffs claim that the Sampsons recreated the business operations of EnvyTV through EnvySolutions[1] to cut Plaintiffs out of the business.

    Plaintiffs previously moved to compel further responses by Defendants to Plaintiffs' discovery requests.  (ECF No. 36).  The Court granted that motion in part, found attorneys' fees and costs warranted, and ordered the parties to attempt and agree on the amount of attorneys' fees and costs.  (ECF No. 42).  About a month after that order, Plaintiffs' attorneys moved to withdraw, which motion the Court granted.  (ECF No. 48).

    Plaintiffs now move for sanctions, arguing that Defendants failed to provide compelled responses to discovery or agree to attorneys' fees.  (ECF No. 52).  Defendants did not respond.  The Sampsons later explained that they wished to proceed *pro se* and could not afford to retain

---

[1] EnvySolutions is no longer a party to this lawsuit.  (ECF No. 6).

counsel for EnvyTV.  (ECF Nos. 50, 55).  Because the Court finds that Defendants have not complied with the order compelling discovery, it grants Plaintiffs motion for sanctions in part and orders Defendants to show cause why sanctions are not warranted.  The Court also orders Defendants to show cause why default should not be entered against EnvyTV for failing to appear in court through an attorney.

### I. Background.

The Court granted Plaintiffs' motion to compel in part on December 13, 2021.  (ECF No. 42).  It found that Plaintiffs were entitled to their attorneys' fees and encouraged the parties to agree on an amount.  (*Id.* at 11).  About a month later, counsel for Defendants moved to withdraw, which motion the Court granted  (ECF No. 48).  The Court explained that Defendants Clayton Sampson and Elisha Sampson would have about thirty days to inform the Court whether they would retain new counsel or proceed *pro se.*  (*Id.* at 2-3).  However, it required that EnvyTV retain counsel if it intended to continue litigating the matter because corporations can only appear in Court through an attorney.  (*Id.*).

Defendants moved to file electronically and requested to proceed *pro se* on February 28, 2022.  (ECF Nos. 50 and 51).  The Court granted the Sampson's request to file electronically and proceed *pro se*, but again reminded them that EnvyTV must appear through an attorney.  (ECF No. 51).  The Sampsons eventually explained that they "are unable to retain affordable counsel for EnvyTV, LLC and Envy Solutions [sic]."  (ECF No. 55).

In the interim, Plaintiffs moved for case ending sanctions or, in the alternative, for an order for Defendants to show cause why case terminating sanctions are not warranted.  (ECF No. 52).  They explain that, after the order compelling discovery responses and for the parties to meet and agree on attorneys' fees, Plaintiffs' counsel contacted Defendants' counsel twice to attempt to meet and confer, but Defendants' counsel did not respond.  (*Id.* at 4).

Plaintiffs' counsel avers to later have had a phone call with Clayton Sampson—then acting *pro se*—and told him that Plaintiffs intended to bring a motion for sanctions if Defendants did not comply with the order compelling discovery responses.  (*Id.*).  But Plaintiffs' counsel asserts that, after multiple requests, Defendants still would not provide the responses or respond

regarding fees. (*Id.* at 4-5). Plaintiffs then filed this motion, to which Defendants did not respond.

**II.     Discussion.**

The Court grants Plaintiffs' motion for sanctions in part and denies it in part. Under Federal Rule of Civil Procedure 37(b)(2)(A), if a party fails to obey an order to provide discovery, the court may "issue further just orders." These include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities constitutes a consent to the granting of the motion. Additionally, while parties may represent themselves *pro se*, it is a longstanding rule that corporations must appear in court through an attorney. *See Computerized Screening Inc. v. LifeClinic International, Inc.*, No. 3:09-cv-00465-RCJ (WGC), 2012 WL 13069792, at *2 (D. Nev. Sept. 24, 2012) (citing *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004)). "[T]he Ninth Circuit has expressly recognized that default may be entered against an artificial entity for failing to retain counsel." *Arvik Platinum, Inc. v. DM & Associates, Inc.*, No. 2:11-cv-01240-GMN, 2012 WL 6021330, at *1 (D. Nev. Dec. 3, 2012) (citing *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993)).

Here, the Court grants in part and denies in part Plaintiffs' motion. Defendants have failed to comply with the Court's order compelling discovery, warranting sanctions under Rule 37. They have also failed to respond to Plaintiffs' motion, constituting their consent to the Court granting it. However, because they are proceeding *pro se*, the Court will not grant Plaintiffs' requested relief of case ending sanctions. Instead, it grants Plaintiffs' request that it issue an order to show cause.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for sanctions (ECF No. 52) is **granted in part and denied in part.** The Court denies Plaintiffs' request that it enter case terminating sanctions. The Court grants Plaintiffs' request that it enter an order to show cause.

**IT IS FURTHER ORDERED** Defendants must show cause why they have failed to comply with the Court's order compelling discovery responses (ECF No. 42) and why the Court

should not recommend[2] case ending sanctions.  Additionally, Defendants must show cause why the Court should not recommend that default be entered against EnvyTV, LLC for failing to retain counsel.  Defendants must respond to this order with an explanation regarding: (1) why they have not provided the discovery responses compelled by this Court's order at ECF No. 42; (2) why they have not attempted to agree with Plaintiffs on appropriate attorneys' fees the Court awarded in that order; (3) why the Court should not recommend case ending sanctions for these violations; and (4) why the Court should not recommend that default be entered against EnvyTV, LLC for failing to retain counsel.  Defendants must file this explanation by **July 21, 2022**.

DATED: June 21, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[2] This matter is currently referred to the undersigned magistrate judge.  Because motions for case ending sanctions and default judgment are the type of motions the undersigned may not finally determine under 28 U.S.C. § 636(b)(1)(B), the magistrate judge must issue a recommendation to the assigned district judge for disposition of these motions under Local Rule IB 1-4.