# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Mary Jane Beauregard and John Hugh Smith,<br><br>Plaintiffs,<br><br>v.<br><br>Clayton Sampson, an individual; Elisha Sampson, an individual; EnvyTV, LLC, a Nevada limited liability company; and EnvySolutions, LLC, a Nevada limited liability company,<br><br>Defendants. | Case No. 2:20-cv-02123-KJD-DJA<br><br>**Order**<br>**&**<br>**Report and Recommendation** |

Before the Court is *pro se* Defendants Clayton Sampson and Elisha Sampson's response to the Court's order to show cause. (ECF No. 58). After Defendants failed to comply with the Court's order granting Plaintiff's motion to compel discovery responses and directing the parties to meet and confer regarding attorneys' fees, Plaintiffs moved for case-ending sanctions. (ECF No. 52). The Court granted the motion in part, directing Defendants to show cause with an explanation regarding: (1) why they have not provided the discovery responses compelled by the Court's order at ECF No. 42; (2) why they have not attempted to agree with Plaintiffs on appropriate attorneys' fees the Court awarded in that order; (3) why the Court should not recommend case ending sanctions for these violations; and (4) why the Court should not recommend that default be entered against EnvyTV, LLC[1] for failing to retain counsel. (ECF No. 56).

---

[1] Plaintiffs voluntarily dismissed their claims against EnvySolutions, LLC on January 18, 2021. (ECF No. 6).

Defendants responded: (1) attaching the compelled discovery responses; (2 and 3) explaining that their previous counsel told them there was no clause for attorneys' fees in an agreement between Plaintiffs and Defendants; and (4) that the Court should not enter default against EnvyTV because it produced the documents and cannot afford counsel. (ECF No. 58). However, at this stage it is up to Plaintiffs, not this Court to determine whether the attached discovery responses are sufficient. And discovery responses should not be filed on the docket. *See* LR 26-7. Instead, discovery responses must be served on the opposing party. Defendants also seem to conflate attorneys' fees under their agreement with Plaintiffs with those awarded by the Court in connection with Plaintiffs' motion to compel (ECF No. 42). Under Federal Rule of Civil Procedure 37(a)(5)(A), the Court must award attorneys' fees incurred in bringing a motion to compel to the party prevailing in that motion.

Because Defendants have ultimately—albeit untimely—produced certain documents and appear confused on the issue of attorneys' fees, the Court will not recommend case ending sanctions at this time. Instead, it will order the parties to meet and confer regarding: (1) whether Defendants' discovery responses attached to their order to show cause are sufficient under the Court's order granting Plaintiffs' motion to compel (ECF No. 42); and (2) whether the parties can reach an agreement on attorneys' fees awarded in the Courts' order granting Plaintiffs' motion to compel (ECF No. 42). Defendants' must fully cooperate in the meet and confer process and are directed to review Local Rule IA 1-3(f) regarding meet and confer conferences.[2] Following the meet and confer, the parties are directed to file a joint status report regarding the meet and confer and its outcome. Finally, because EnvyTV cannot appear in Court unless it is through an attorney, the Court recommends entering default against it. *See Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) ("we have recognized default as a permissible sanction for failure to comply with local rules requiring representation by counsel").

---

[2] The Local Rules can be found on the Court's website at: chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

## ORDER

**IT IS THEREFORE ORDERED** that the parties must meet and confer regarding the topics outlined in this order and file a joint status report regarding the outcome of that meet and confer on or before **August 18, 2022.**

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Clerk of Court enter default against Defendant EnvyTV, LLC.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 19, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE