UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mary Jane Beauregard and John Hugh Smith, <br><br> Plaintiffs, <br><br> v. <br><br> Clayton Sampson, an individual; Elisha Sampson, an individual; EnvyTV, LLC, a Nevada limited liability company; and Envy Solutions, LLC, a Nevada limited liability company, <br><br> Defendants. | Case No. 2:20-cv-02123-KJD-DJA <br><br> **ORDER – Denying Motion to Reopen Discovery** |

This is a fraud action arising out of Plaintiffs' investment into EnvyTV, LLC—a multi-level marketing company. Plaintiffs Mary Jane Beauregard and John Hugh Smith sue Defendants Clayton Sampson; Elisha Sampson; EnvySolutions, LLC; and EnvyTV claiming that the Sampsons—a majority owners and co-managers of EnvyTV—failed to acknowledge Plaintiffs' ownership interests in the company after they invested. Instead, Plaintiffs claim that the Sampsons recreated the business operations of EnvyTV through EnvySolutions to cut Plaintiffs out of the business.

Defendants move under Federal Rules of Civil Procedure 16(b)(4) and 26(e) to admit newly discovered evidence beyond the close of discovery. (#99); (#117).[1] Defendants essentially ask the Court to reopen discovery. For the reasons stated below, Defendants' motion is denied.

---

[1] Defendants erroneously filed their first motion as a "proposed pretrial order" even though they titled it a "motion to admit new evidence after the close of the discovery period." (#99). After Plaintiffs responded to Defendants' motion, Defendants filed a second motion seeking the same relief as the first. (#117). It appears that Defendants' second motion may have been their reply in support of their first motion. The Court thus construes the second motion as a reply. In addition, Plaintiffs filed a supplemental response (#121) to Defendants' motion, attempting to clarify the erroneously filed motions on the docket, and Defendants filed a response (#124).

I.      Factual and Procedural Background

Defendants move to admit new evidence after the close of discovery, explaining that they "engaged in a meticulous financial review of the company" which resulted in Defendants "discover[ing] significant financial discrepancies, most notably, substantial overpayments to various affiliates, including those who are now Plaintiffs in this suit." (#99, at 4). The evidence can be summarized as follows: (1) a transcript of a conversation between Clayton Sampson and Hannah Yoshiko; (2) a 2019 email exchange between Clayton Sampson and Amanda Davis; (3) EnvyTY rank history for Plaintiffs' EnvyTV affiliate positions; (4) Defendants' profit and loss statements for the period of January 2019 to November 2023; and (5) Multisoft invoices sent to Clayton Sampson/EnvyTV for the period of February 2019 to November 2023. See id., at 13-103. Defendants assert in conclusory fashion that the evidence was "previously inaccessible and only recently come to light" on December 4, 2023. Id. at 1-2. Defendants add that the evidence will demonstrate "the company's dedication to transparency and ethical business operations" and indicates "a possible breach of good faith," by Plaintiffs. Id. at 4-5.  Defendants add that they are obligated under Federal Rule of Civil Procedure 26(e) to supplement their initial disclosures given their discovery of new information. Id. at 6.

Plaintiffs respond that Defendants have not been diligent.  (#113).  Plaintiffs point out that Defendants have been dilatory in responding to discovery in this case, to the point that the Court had to enter an order to show cause why Defendants did not comply with their discovery obligations.  Id. at 2; (#56, at 3) ("Defendants must show cause why they have failed to comply with the Court's order compelling discovery responses…").  Plaintiffs assert that Defendants provided no reason in their motion why they could not have found the evidence they now seek to introduce earlier. Id. at 4-5.  Plaintiffs also argue that the obligation to supplement under Rule 26 does not provide a back door to permit parties to reopen discovery.

In reply, Defendants appear to blame their former attorney for their delays in discovery, although they do not connect their former attorney's actions to their recent discovery of the new evidence.  (#117, at 2).

II.     Analysis

On the eve of trial, Defendants are requesting this Court to reopen discovery and admit roughly 100 pages of newly discovered evidence beyond the close of discovery. (See #99, at 13-103). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Good cause must be shown for modification of the scheduling order regulating discovery. Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992). The "good cause" requirement primarily considers the diligence of the party seeking the extension. Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id.

When the motion to extend time is made after time has expired, the court must also consider excusable neglect. See Fed. R. Civ. P. 6(b)(1)(B). When a threshold showing of good cause is not made, however, the Court need not reach the issue of excusable neglect. Werbicky v. Green Tree Servicing, LLC, No. 2:12-CV-01567-JAD, 2014 WL 5470466, at *1 n.1 (D. Nev. Oct. 27, 2014). In addition, when deciding whether to amend a pretrial scheduling order and reopen discovery, a court considers the following factors:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995)).

First, Defendants have failed to establish "good cause" under Rule 16(b). "The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent in seeking the amendment." DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC, 870 F.3d 978, 989 (9th Cir. 2017). Here, Defendants brought their request to the Court's attention roughly 757 days after

1   the close of discovery. (See #30, at 40) (setting November 9, 2021, as the fact discovery cut-off
2   date). Defendants' decision to raise this issue over two years past the close of discovery equates
3   to clear carelessness on their part, and "carelessness is not compatible with a finding of diligence
4   and offers no reason for a grant of relief." See Johnson, 975 F.2d at 609.

5       Second, after evaluating all applicable factors, the Court finds that reopening discovery is not
6   appropriate. See City of Pomona, 866 F.3d at 1066. As trial is scheduled to begin on January 2,
7   2024, reopening discovery at this point would ultimately result in prejudice to Plaintiffs and cause
8   a delay in judicial proceedings. Plaintiffs would need additional time to analyze the newly
9   disclosed evidence, formulate a new litigation strategy, and possibly conduct additional discovery
10  of their own.

11      Moreover, Defendants were clearly not diligent in obtaining discovery within the guidelines
12  established by the Court. Defendants' motion asserts that the new evidence "was not accessible
13  during the discovery phase despite [their] diligent efforts", but they offer no reason as to why it
14  was not accessible. (See #99, at 7-8). Yet, in the preceding paragraphs, Defendants claim the
15  evidence was discovered "[i]n the course of a detailed and thorough examination of the
16  company's financial statements and commission structures[.]" Id. at 4. Based on the nature of the
17  case—a fraud action arising out of Plaintiffs' investment into Defendants' company—the Court
18  feels that a review of Defendants' financial statements should have been conducted during the
19  discovery phase, not a month before trial. Lastly, in their Reply, Defendants assert that some
20  "evidence was discovered my [sic] accident on December 4th[.]" (#117, at 3). Here, the Court has
21  a hard time reconciling Defendants' argument that they conducted discovery diligently with the
22  fact that they discovered "vital" and "indispensable" evidence by "accident" two years after the
23  close of discovery. See id.; (#99, at 4). Thus, the Court finds that Defendants were not diligent in
24  their discovery efforts, and reopening discovery is not appropriate in this case.
25  //
26  //
27  //
28  //

III.     Conclusion

Accordingly, **IT IS THEREFORE ORDERED** that Defendants' motions to reopen discovery (#99/117) are **DENIED**.

DATED: December 22, 2023

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE