C. Brenton Kugler
Texas Bar No. 11756250 (*admitted pro hac vice*)
brent.kugler@solidcounsel.com
Scheef & Stone, LLP
500 N. Akard, Suite 2700
Dallas, Texas 75201
Telephone: (214)706-4200
Facsimile: (214)706-4242
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY JANE BEAUREGARD, and JOHN HUGH SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>CLAYTON SAMPSON, an individual; ELISHA SAMPSON, an individual; ENVYTV, LLC, a Nevada limited liability company; and ENVY SOLUTIONS, LLC, a Nevada limited liability company<br><br>    Defendants. | Case No.: 2:20-cv-02123-KJD-DJA<br><br><br>MOTION FOR LEAVE TO FILE RESPONSE OR OBJECTIONS TO DEFENDANTS' ACCOUNTING DISCLOSURES [ECF NO. 154] |

Plaintiffs MARY JANE BEAUREGARD and JOHN HUGH SMITH ("Plaintiffs") file this Motion for Leave to File a Response or Objections to Defendants' Accounting Disclosures (ECF No. 154) and respectfully show the Court as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

On January 31, 2024, the Court entered an Order adopting Findings of Fact and Conclusions of Law. [ECF No. 140]. The Court's Order followed a bench trial that concluded on January 4, 2024. The Court's Order directed Plaintiffs to make two filings within fourteen days: (i) a new damages summary with computation of pre-judgment interest; and (ii) a motion for attorneys' fees and costs. *See* Order [ECF No. 140] at 17. The Order provides Defendants shall

have seven days to provide responses to Plaintiffs' filings, and further, that Plaintiffs shall be permitted to file replies to Defendants' responses within seven days. *Id.*

In addition, in its January 31, 2024 Order, the Court concluded that a comprehensive accounting of Defendants' various other EnvyTV-related business ventures, including EnvySolutions, EnvyCares, EnvyConnect, EnvySocial and an online Envy crypto currency business is necessary. *See* Order at 16. The Court's Order further notes that without this information, the Court cannot accurately determine the appropriate amount of compensatory damages. *Id.* The Court's Order therefore directed the Defendants to provide a full accounting of all corporate and personal financial records related to EnvyTV, EnvySolutions, EnvyCares, EnvyConnect, EnvySocial and EnvyCrypto within thirty days. *See* Order at 18. However, there is no provision in the Court's Order permitting Plaintiffs to file a response or objection to the accounting provided by Defendants. *Id.*

Plaintiffs complied with the deadlines set forth in the Court's January 31, 2024 Order. *See* Plaintiffs' Motion for Attorney's Fees [ECF No. 142]; Bill of Costs [ECF No. 143] and Supplemental Summary of Damages and Prejudgment Interest [ECF No. 144]. Following Plaintiffs' filings, Defendants retained counsel and requested additional time to respond to Plaintiffs' filings and provide their accounting. [ECF No. 146]. The Court subsequently entered an Order extending Defendants' deadline to respond to Plaintiffs' filings and provide an accounting to March 22, 2024. [ECF No. 147].

On March 22, 2024, Defendants filed their Exhibits and Required Disclosures [ECF No. 154] in response to the Court's Order for a full accounting. The Required Disclosures consist of six exhibits containing bank statements, profit and loss statements, and corporate and personal tax returns. Based on a review of the information submitted by Defendants, Plaintiffs respectfully

request that the Court allow Plaintiffs the opportunity to respond or file objections to Defendants' accounting disclosures.

Leave of court may be granted to allow a party to file supplemental pleadings upon a showing of good cause. Fed. R. Civ. P 16(b)(4); LR-76(g). While prejudice to the opposing party may be considered, the Court's consideration of a motion for leave should focus on the moving party's reasons for seeking leave or modification of the Court's order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

As further articulated in the Declaration of Plaintiffs' counsel below, allowing Plaintiffs the opportunity to respond or otherwise object to the accounting submitted by Defendants will likely inform the Court regarding whether Defendants have provided a comprehensive accounting to enable the Court to accurately determine the amount of compensatory damages to be awarded in this matter.

Based on the foregoing reasons set forth above and in the following Declaration, and for good cause shown, Plaintiffs Mary Jane Beauregard and John Hugh Smith respectfully request that this Court enter an Order permitting Plaintiffs to file a response or objections to Defendants' accounting disclosure on or before March 29, 2023. This is the date on which Plaintiffs are permitted to file their reply to Defendants' responses to Plaintiffs' supplemental damages summary and motion for attorney's fees and costs. [ECF No. 147].

Counsel for Plaintiffs has conferred with counsel for the Defendants and Defendants do not oppose the relief sought by this motion.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs will have until March 29, 2024, to file a response or objection to Defendants' accounting disclosures.

DATE:   03/25/2024

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE