HOFLAND & TOMSHECK
Jason F. Carr, Esq.
Nevada State Bar No. 6587
228 South Fourth Street, 1st Floor
Las Vegas, Nevada 89101
JasonC@Hoflandlaw.com
Telephone: (702) 895-6760
Facsimile: (702) 731-6910

Attorney for Defendants **Clayton Sampson, Elisha Sampson**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARY JANE BEAUREGARD, and JOHN HUGH SMITH, <br><br> Plaintiffs, <br><br> vs. <br><br><br> CLAYTON SAMPSON, an individual, ELISHA SAMPSON, an individual, et. al. <br><br> Defendants. | CASE NO.: 2:20-cv-02123-KJD-DJA |

**MOTION TO CONTINUE OPPOSITION TO SUPPLEMENTAL REQUEST FOR ATTORNEY FEES (ECF No. 190)**
**(Second Request)**

**POINTS AND AUTHORITIES**

On October 14, 2025, Plaintiffs filed a Supplemental Motion for Attorney Fees. (*See* ECF No. 190.) The Opposition to this Motion was due on October, 28, 2025.[1] Defendants sought an extension of time of seventeen days until **November 14, 2025**.

Counsel for Sampson now hereby requests a second extension, until Dec. 5, 2025, to file the Opposition. Defendants respectfully submit there is good cause to grant this request for an extension. A court has inherent power to control its own docket to ensure that cases proceed in a timely and orderly matter. *Cf. Clinton v. Jones*, 520 U.S. 681, 705 (1997) (explaining that a court is vested with broad discretion to stay a civil proceeding). Continuing pretrial and trial dates is within the discretion of the trial judge. *See King v. State of California*, 784 F.2d 910, 912 (9th Cir. 1986); *Rios-Barrios v. I.N.S.*, 776 F.2d 859, 862-63 (9th Cir. 1985). Further, case schedules may be modified for "good cause." Fed. R. Civ. P. 16(b)(4).

"The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent." *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." *Id.*

In this matter, the Defendants seek an extension of time until December 5, 2025 to file an Opposition. The bases for this request are as follows:

---

[1] Defendants filed a Notice of Appeal on October 21, 2025. The Federal Rules of Appellate Procedure provide that this Court retains power to decide the Plaintiffs', supplemental request for attorney fees and that Defendants' Notice of Appeal will become operative after this Court disposes of the Plaintiffs' Supplemental Motion. *See* Fed. R. App. P. 4(a)(4)(B)(1). The procedure chosen by the Defendants has the benefit of obviating the need to ask this Court to extend notice of appeal deadlines under Federal Rule of Civil Procedure 58(e). *Cf.* Fed. R. App. P. 4(a)(4)(A)(3).

1). That counsel for the Defendants has longstanding plans to leave the jurisdiction from October 22-27, 2025. Counsel could not have anticipated that an Opposition would be due on October 28, 2025, at that time those plans were made.

2). That on October 20, 2025, counsel wrote a Reply to the State's Return to Petitioner's Writ of Habeas Corpus, in *State v. Min Steve Kim,* C-25-392349-1.

3). That counsel filed expedited pleadings related to staying a surrender date and release pending appeal throughout the week ending on October 17, 2025, in *United States v. Dallmann*, et. al., 2:22-cr-00030-RFB. Counsel must file a Federal Rule of Appellate Procedure 9(b) Motion in the United States Court of Appeals for the Ninth Circuit as expeditiously as possible given the defendant counsel represents in that matter has a chronic infectious disease.

4). On November 7, 2025, counsel must file a Supplement to a pro se Motion for a Reduced Sentence in *United States v. Abdul Howard*, 2:13-cr-00186-GMN-VCF.

5). Counsel has oral argument in a Ninth Circuit matter entitled United States v. McDaniel, CA No. 24-1824. This matter involves a complicated trial and interesting, yet novel, issues such as a death bed confession letter that appeared after the defendant's conviction.

Counsel for the Plaintiffs has expressed an interest in ensuring that the appellate process goes forward expeditiously as the case has been pending for some time. The appeal process is moving forward including a mediation conference that occurred this week. Counsel for the defendants is sensitive to the Plaintiffs' time considerations and will ensure this filing occurs after the *McDaniel* oral argument. The requested delay, however, should not delay, or otherwise impact, the appellate process.

For these reasons, the Defendants respectfully request that their objection to the Plaintiff's request for further attorney fees be moved to **Friday, December 5, 2025.**

Counsel also apologies for filing this request for an extension late as counsel had inadvertently calendared the due date for November 27, 2025, mixing up the matter with another case that was continued.

DATED this 19th Day of November, 2025.

                              Respectfully submitted,

*/s/ Jason F. Carr*
HOFLAND & TOMSHECK
JASON F. CARR
228 S. 4th Street
First Floor
Las Vegas, Nevada 89101
(702) 895-6760
JasonC@Holflandlaw.com

**ORDER**

For good cause showing, **IT IS HEREBY ORDERED,** that the Defendants in *Beauregard v. Sampson* shall file their Opposition to the Plaintiffs Supplemental Motion for Attorney Fees (ECF No. 190) no later than **December 5, 2025.**

Dated 11/20/2025

_____
UNITED STATES DISTRICT JUDGE

4

# CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, District of Nevada by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system and include C. Brenton Kugler, Esq., Scheef & Stone LLP.

*/s/ Jason F. Carr*
Hofland & Tomsheck
Jason F. Carr, Esq.

5