**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARYJANE BEAUREGARD, et al.,

    Plaintiffs,

v.

CLAYTON SAMPSON, et al.,

    Defendants.

Case No. 2:20-cv-02123-KJD-NJK[1]

**Order**

[Docket No. 204]

Pending before the Court is Plaintiffs' motion to compel post-judgment discovery. Docket No. 204. Defendants filed an untimely response in opposition.[2] Docket No. 206. Plaintiff filed a reply. Docket No. 207.

**I.    BACKGROUND**

On September 23, 2024, the Court awarded damages and entered judgment in the amount of $810,445.47 in favor of Plaintiffs. Docket Nos. 168, 169. On September 30, 2025, the Court awarded punitive damages in the amount of $750,000. Docket Nos. 188, 189.

On December 19, 2025, Plaintiffs served post-judgment discovery requests via email and certified mail to Defendants Clayton and Elisha Sampson. Docket No. 204 at 2; *see also* Docket Nos. 204-6, 204-7, 204-8, 204-9. Defendants did not provide timely responses nor request an extension to respond. Docket No. 204 at 2.

---

[1] Both parties used the incorrect judge's initials in the case number of their respective briefing. *See* Docket Nos. 204 at 1, 206 at 1, 207 at 1.

[2] The response was due on February 27, 2026. Docket No. 204. Defendants' response was filed on March 2, 2026. Docket No. 206. Defendants fail to acknowledge the response's untimeliness or establish excusable neglect for their delay. *See* LR 7-2(b) ("the deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion."); *see also* LR IA 6-1 ("A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect").

1

On February 2, 2026, Plaintiffs' counsel contacted Defendants' counsel about Defendants' failure to respond to Plaintiffs' post-judgment discovery requests. Docket No. 204-1 at 2-3; *see also* Docket No. 204-2. Defendants' counsel responded that he had not been paid and did not contract for post-conviction collection efforts. Docket No. 204-3 at 2. Plaintiffs' counsel then contacted Defendants directly, with Defendants' counsel included, about their failure to respond to the discovery requests. *See* Docket No. 204-1 at 3; *see also* Docket 204-4. Defendants' counsel responded that Plaintiffs' counsel should not communicate with Defendants until his representation ends. *See* Docket No. 204-1 at 3; *see also* Docket No. 204-5.

Plaintiffs seek to compel Defendants to provide responsive documents to Plaintiffs' post-judgment requests for production and provide full and complete answers to Plaintiffs' post-judgment interrogatories. Docket No. 204 at 1-2. Plaintiffs also seek an award of fees incurred in bringing the instant motion. *See id.* at 2. Defendants submit that the motion should be held in abeyance or denied without prejudice because it is premature until the issue of a stay pending appeal is fully litigated. Docket No. 206 at 2-4.

## II.    STANDARDS

Federal Rule of Civil Procedure 69(a)(2) allows a judgment creditor to obtain discovery in aid of the judgment or execution from any person, including the judgment debtor, as provided in the Federal Rules of Civil Procedure or by procedure of the state where the court is located. "[T]he scope of post-judgment discovery is extremely broad because its object is to determine what assets the judgment debtor has and how they may be collected upon." *JW Gaming Dev., LLC v. James*, 544 F. Supp. 3d 903, 926 (N.D. Cal. 2021); *see also Transfirst Holdings, Inc. v. Magliarditi*, 2016 U.S. Dist. LEXIS 70577, at *5 (D. Nev. May 31, 2016) (quoting *Henry v. Rizzolo*, 2012 WL 13725, at *3 (D. Nev. Jan. 4, 2012)).

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing

why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

**III.    ANALYSIS**

Defendants submit three arguments as to why the instant motion should be held in abeyance or denied without prejudice. Docket No. 206 at 2-4. First, Defendants submit that the instant motion is premature because: (1) Defendants' counsel informed Plaintiffs' counsel that Defendants were going to move to arrest the judgment pending appeal; and (2) Plaintiffs filed the instant motion almost a week after Defendants filed the motion to stay. *See* Docket No. 206 at 2; *see also* Docket No. 203. Second, Defendants contend that there are also practical considerations at issue, such as Defendants' indigent status and Defendants' counsel's role as a federal appeals expert rather than a civil litigator. *See* Docket No. 206 at 2. Third, Defendants submit that Defendants' motion to stay is meritorious given the number of issues for appeal in this matter. *See id.* at 2-4. However, Defendants fail to cite any authority indicating that these are legitimate grounds for denying the instant motion. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion").

**IV.    CONCLUSION**

Accordingly, the Court **GRANTS** Plaintiffs' motion to compel post-judgment discovery. Docket No. 204. Defendants are **ORDERED** to respond to Plaintiffs' post-judgment requests for production and post-judgment interrogatories by April 9, 2026.

IT IS SO ORDERED.

Dated: March 10, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge